**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLARE OAKS, | ) | Case No. 19-16708 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

**ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION**
**WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS,**
**(B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF,**
**(C) SCHEDULING AN AUCTION AND A SALE HEARING, (D) APPROVING**
**PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF**
**CONTRACTS, AND (E) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of the above-captioned debtor and debtor in possession

(the "**Debtor**") for entry of an order (this "**Order**") (a) authorizing and approving the bidding

procedures attached hereto as Exhibit 1 (the "**Bid Procedures**") in connection with the sale of

substantially all of the Debtor's assets (the "**Assets**"), (b) approving the form and manner of

notice in substantially the form attached hereto as Exhibit 2 (the "**Sale Notice**") of an auction

(the "**Auction**") and sale hearing (the "**Sale Hearing**") with respect to the sale of the Assets

free and clear of liens, claims, encumbrances, and other interests (the "**Sale**"), (c) scheduling

the Sale Hearing, and (d) approving procedures for the possible assumption and assignment of

certain executory contracts and unexpired leases in connection with the Sale (collectively, the

"**Contracts**"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334;

and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

this Court having found that it may enter a final order consistent with Article III of the United

States Constitution; and this Court having found that venue of this proceeding and the Motion in

---

[1] Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Motion. In the event there is a conflict between this Order and the Motion, this Order shall control and govern.

this District is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief requested in the Motion is in the best interest of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

THE COURT FINDS THAT:

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      The Debtor has articulated good and sufficient reasons for this Court to (a) approve the Bid Procedures; (b) schedule the Auction and Sale Hearing and approve the manner of notice of the Auction and Sale Hearing; and (c) approve procedures for the assumption and assignment of the Contracts, including notice of the proposed cure amounts.

C.      The Bid Procedures are reasonable and appropriate and represent the best method for maximizing the value of the Assets for the benefit of the Debtor and its estate.

D.      ***Assumption and Assignment Procedures.*** The Motion, this Order, and the assumption and assignment procedures (the "**Assignment Procedures**") are reasonably

69535289.3                                          2

calculated to provide counterparties to any Contracts to be assumed by the Debtor and assigned to the Successful Bidder with proper notice of the intended assumption and assignment of their Contracts, the procedures in connection therewith, and any cure amounts relating thereto.

E. *Sale Notice.* The Sale Notice is reasonably calculated to provide interested parties with timely and proper notice of the proposed Sale, including, without limitation: (a) the date, time, and place of the Auction (if one is held); (b) the Bidding Procedure; (c) the deadline for filing objections to the Sale and entry of the Sale Order, and the date, time, and place of the Sale Hearing; (d) reasonably specific identification of the Assets to be sold; (e) a description of the Sale as being free and clear of liens, claims, encumbrances, and other interests (collectively, "**Interests**"), with all such Interests attaching with the same validity and priority to the Sale proceeds; and (f) notice of the proposed assumption and assignment of Contracts to the Successful Bidder. No other or further notice of the Sale shall be required.

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth below.

2.      All objections to the relief requested in the Motion with respect to the Bid Procedures that have not been withdrawn, waived, or settled as announced to the Court at the Hearing or by stipulation filed with the Court, are overruled.

3.      The Bid Procedures, substantially in the form attached hereto as <u>Exhibit 1</u>, are approved in their entirety, and the Bid Procedures shall govern the submission, receipt, and analysis of all Bids relating to the proposed sale of the Assets. Any party desiring to bid on the Assets shall comply with the Bid Procedures and this Order. The Debtor is authorized to take any and all actions necessary to implement the Bid Procedures.

## I.    The Auction

4.    As further described in the Bid Procedures, if at least two Qualified Bids are received by the Bid Deadline, the Debtor will conduct the Auction on November 21, 2019 at 10:00 a.m. (prevailing Central Time), at the offices of the Debtor's counsel, Polsinelli PC, 150 N. Riverside Plaza, Suite 3000, Chicago, IL 60606 or such later time on such day or other place as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids that are timely received.

5.    If the Debtor does not receive at least two Qualified Bids or otherwise determines appropriate: (a) the Debtor may, in consultation with the Consultation Parties, cancel the Auction; (b) the only Qualified Bid may be deemed by the Debtor to be the Successful Bid for the Assets; and (c) the Debtor shall be authorized to seek approval of the Successful Bid at the Sale Hearing.

6.    If the Debtor receives at least two Qualified Bids then the Debtor shall conduct the Auction in accordance with the Bid Procedures.

7.    The Stalking Horse Bidder, if any, shall have the right (including as part of any Overbid) to credit bid all or a portion of its Bid Protections (if any) pursuant to Bankruptcy Code section 363(k).

8.    In the event of a competing Qualified Bid, all Qualified Bidders will be entitled, but not obligated, to submit Overbids.

9.    The Debtor, in consultation with the Consultation Parties, may (a) determine which Qualified Bid is the highest or otherwise best offer; (b) reject at any time before the entry of the Sale Order any Bid that, in the discretion of the Debtor, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bid Procedures, or (iii) contrary to the best interest of the Debtor's estate and its creditors; (c) at or before the

conclusion of the Auction may impose such other terms and conditions upon Qualified Bidders as the Debtor determines to be in the best interest of the Debtor's estate; and (d) prior to the entry of the Sale Order, may re-open the Auction, on notice to all participants, to consider further Bids, in its reasonable business judgment.

10.     No person or entity, other than the Stalking Horse Bidder, if any, shall be entitled to any expense reimbursement, breakup fee, topping or termination fee, or other similar fee or payment, and by submitting a Bid, such person or entity is deemed to have waived its right to request or file with this Court any request for expense reimbursement or any other fee of any nature in connection with the Auction and the Sale, whether by virtue of Bankruptcy Code section 503(b) or otherwise.

**II.     Assumption and Assignment Notices & Procedures**

11.     As soon as practicable, the Debtor shall serve on all non-Debtor counterparties (the "**Contract Counterparties**") to any Contract that may be assumed by the Debtor and assigned to the Successful Bidder, which notice shall be substantially in the form attached hereto as Exhibit 3 (a "**Cure and Possible Assumption and Assignment Notice**"), setting forth the Debtor's calculation of the cure amount, if any, that would be due and owing to such Contract Counterparty if the Debtor decided to assume, or assume and assign, such executory contract or unexpired lease, and alerting such Contract Counterparty that its contract may be assumed and assigned to the Successful Bidder.

12.     The presence of a Contract on the Cure and Possible Assumption and Assignment Notice does not constitute an admission that such Contract is an executory contract or unexpired lease, and the presence of a Contract on any notice shall not prevent the Debtor from subsequently withdrawing such request for assuming or rejecting such Contract any time before such Contract is actually assumed and assigned pursuant to the Sale Order.

69535289.3

13.     Any Contract Counterparty that objects to the cure amount set forth on the Cure
and Possible Assumption and Assignment Notice or to the possible assignment of its executory
contract or unexpired lease must file an objection with the Bankruptcy Court (a "**Contract
Objection**") on or before 4:00 p.m. (CT) on November 19, 2019, which Contract Objection must
also be served on (a) counsel for the Debtor, (i) Polsinelli PC, 150 N. Riverside Plaza, Suite
3000, Chicago, IL 60606  Attn: Jean Soh, jsoh@polsinelli.com, (ii) Polsinelli PC, 600 3rd Ave.,
42nd Fl., New York, NY 10016, Attn: Jeremy R. Johnson, jeremy.johnson@polsinelli.com; (b)
counsel for the Bond Trustee, Mintz Levin, Attn: Daniel Bleck, dsbleck@mintz.com and
Adrienne Walker, awalker@mintz.com; (c) the Office of the United States Trustee for the
Northern District of Illinois, Attn: Jeffrey Snell, jeffrey.snell@usdoj.gov; and (d) counsel to the
Committee    appointed    in    this    case,    Perkins    Coie    LLP,    Attn:    Eric    Walker,
EWalker@perkinscoie.com and David Gold, DGold@perkinscoie.com..

14.     If a Contract Counterparty does not timely file and serve a Contract Objection,
that party will be forever barred from objecting to (a) the Debtor's proposed cure amount, or
(b) the assignment of that party's Contract to the Successful Bidder. Where a Contract
Counterparty to an Assigned Contract files a timely Contract Objection asserting a higher cure
amount than the amount listed in the Cure and Possible Assumption and Assignment Notice, or
objecting to the possible assignment of that Contract Counterparty's Contract, and the parties are
unable to consensually resolve the dispute, the amount to be paid under Bankruptcy Code section
365 (if any) or, as the case may be, the Debtor's ability to assign the Contract to the Successful
Bidder will be determined at the Sale Hearing.

15.     By 10:00 a.m. (CT) on November 22, 2019, the Debtor shall file with the Court
and serve on the Contract Counterparties who are parties to a Contract to be assumed and

assigned a further notice substantially in the form attached hereto as Exhibit 4 (the "**Assumption Notice**") identifying the Successful Bidder, stating which Contracts will be assumed and assigned to the Successful Bidder, and providing such Contract Counterparties with the Successful Bidder's assurance of future performance.

16.     Any Contract Counterparty that objects to the adequacy of the assurance set forth in the Assumption Notice must file an objection (an "**Adequate Assurance Objection**") with the Bankruptcy Court prior to the Sale Hearing, or note its Adequate Assurance Objection at the Sale Hearing.

17.     If a Contract Counterparty does not make an Adequate Assurance Objection prior to or at the Sale Hearing, such party will be forever barred from objecting to the adequacy of the assurance to be provided by the Successful Bidder.   If a Contract Counterparty makes an Adequate Assurance Objection prior to or at the Sale Hearing, and the parties are unable to consensually resolve the dispute, the adequacy of the assurance provided by the Successful Bidder will be determined at the Sale Hearing.

**III.     Notice of the Sale Process**

18.     The Sale Notice, the Cure and Possible Assumption and Assignment Notice, and the Assumption Notice, in substantially the forms attached to this Order as Exhibit 2, Exhibit 3, and Exhibit 4 are approved.

19.     Within two (2) business days after the entry of this Order, the Debtor (or its agents) shall serve the Sale Notice by first-class mail upon: (a) the U.S. Trustee; (b) counsel to the Bond Trustee; (c) the Contract Counterparties; (d) all parties who have expressed a written interest in the Assets; (e) all parties who are known or reasonably believed, after reasonable inquiry, to have asserted any lien, encumbrance, claim, or interest in the Assets; (f) all applicable state and local taxing authorities; (g) all the Debtor's other creditors; (h) each governmental

agency that is an interested party with respect to the Sale and transactions proposed thereunder; and (i) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

## IV.   The Sale Hearing

20.     The Sale Hearing will be conducted on November 26, 2019 at 10:30 a.m. (prevailing Central Time). The Debtor will seek entry of an order of the Court at the Sale Hearing approving and authorizing the Sale of the Assets to the Successful Bidder. Upon entry of this Order, the Debtor is authorized to perform any obligation intended to be performed prior to the Sale Hearing or entry of the Sale Order with respect thereto. The Sale Hearing may be continued from time to time without further notice other than such announcement being made in open court or a notice of adjournment being filed with the Court and served on the Notice Parties.

## V.   Objections to the Sale

21.     Objections, if any, to the relief requested in the Motion relating to the Sale (except for any objection that arises at the Auction or any Adequate Assurance Objection) must be in writing, filed with the Court, and be served so that it is actually received no later than November 19, 2019 no later than 4:00 p.m. (prevailing Central time).  Objections shall be served on (a) counsel for the Debtor, (i) Polsinelli PC, 150 N. Riverside Plaza, Suite 3000, Chicago, IL 60606 Attn: Jean Soh, jsoh@polsinelli.com, (ii) Polsinelli PC, 600 3rd Ave., 42nd Fl., New York, NY 10016, Attn: Jeremy R. Johnson, jeremy.johnson@polsinelli.com; (b) counsel for the Bond Trustee, Mintz Levin, Attn: Daniel Bleck, dsbleck@mintz.com and Adrienne Walker, awalker@mintz.com; (c) the Office of the United States Trustee for the Northern District of Illinois, Attn: Jeffrey Snell, jeffrey.snell@usdoj.gov; and (d) counsel to the Committee, Perkins

Coie LLP, Attn: Eric Walker, EWalker@perkinscoie.com and David Gold, DGold@perkinscoie.com.

22.     A party's failure to timely file or make an objection in accordance with this Order shall forever bar the assertion of any objection to the Sale, entry of the Sale Order, and/or consummation of the Sale with the Successful Bidder pursuant to the applicable purchase agreement, including, without limitation, the assumption and assignment of the Contracts to the Successful Bidder pursuant to the applicable purchase agreement, and shall be deemed to constitute such party's consent to entry of the Sale Order and consummation of the Sale and all transactions related thereto, including, without limitation such assumption and assignment.

## VI.   Other Relief Granted

23.     Nothing in this Order, the Stalking Horse Agreement (if any) or the Motion shall be deemed to or constitute the assumption or assignment of a Contract.

24.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding any provision in the Bankruptcy Rules or the Local Rules to the contrary, and the Debtor may, in its discretion and without further delay, take any action and perform any act authorized by this Order.

ENTER:

Dated: _JUL 17 2019_

Chicago, Illinois

_____
Honorable Pamela S. Hollis
United States Bankruptcy Judge

Drafted by:

Jean Soh (ARDC #6285187)
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone: (312) 819-1900
Facsimile: (312) 819-1910
jsoh@polsinelli.com

-and-

Jeremy R. Johnson (*Pro Hac Vice*)
POLSINELLI PC
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

-and-

Lindsi M. Weber (*Pro Hac Vice*)
POLSINELLI PC
One East Washington St., Suite 1200
Phoenix, AZ 85004-2568
Telephone: (602) 650-2064
Facsimile: (602) 264-7033
lweber@polsinelli.com

69535289.3                                    10

**Exhibit 1 to Bid Procedures Order**

Bid Procedures

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLARE OAKS, | ) | Case No. 19-16708 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

## BIDDING PROCEDURES

Set forth below are the bidding procedures (the "**Bid Procedures**")[1] to be employed for the proposed sale (the "**Sale**") of substantially all of the Assets and operations of the above-captioned debtor and debtor in possession (the "**Debtor**"). It is contemplated that the Sale will be implemented through a purchase agreement, subject to the receipt of higher and better bids at an auction (the "**Auction**") and the corresponding entry into a sale agreement with a Successful Bidder (as defined below) according to these Bid Procedures.

### Important Dates (All times are prevailing Central Time)

**August 28, 2019:** Deadline to submit letters of interest for potential designation as Stalking Horse Bidder

**September 6, 2019:** Deadline for Debtor to designate a Stalking Horse Bidder for a sale of substantially all Assets or provide for the assumption of all or some of the Debtor's Bond obligations pursuant to a plan of reorganization, subject to execution of a definitive agreement

**October 14, 2019:** Deadline for Debtor to (a) enter into a Stalking Horse Agreement (defined herein) with a Stalking Horse Bidder, if any, which would include Bid Protections (defined herein) to such Stalking Horse Bidder, and (b) file and serve a notice of the Stalking Horse Agreement to parties in interest

**October 25, 2019:** Debtor to send Cure and Possible Assumption and Assignment Notices to All Contract Counterparties and Notice of the Sale

**November 19, 2019 at 4:00 p.m.:** Deadline to (a) submit Bids to be considered for the Auction; (b) file and serve any Cure Objection; and (c) file and serve objections to relief requested at Sale Hearing (except for any objection that arises at the Auction or any Adequate Assurance Objection)

**November 21, 2019 at 10:00 a.m.:** Proposed date of Auction

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bid Procedures Order.

**November 22, 2019 at 10:00 a.m.:** Debtor to file notice of Successful Bidder and Assumption Notices

**November 25, 2019 at 7:00 p.m:** Deadline to make any objection that arises at the Auction or any Adequate Assurance Objection

**November 26, 2019 at 10:30 a.m.:** Proposed date of Sale Hearing

## Approval of Bid Procedures

On July [  ], 2019, the Bankruptcy Court entered an order (the "**Bid Procedures Order**") approving the procedures set forth herein (the "**Bid Procedures**") in furtherance of the Sale. The Bankruptcy Court has jurisdiction with respect to any dispute that may arise with respect to these Bid Procedures. These Bid Procedures set forth the process (the "**Bidding Process**") by which the Debtor is authorized to conduct the Auction for the Sale of its Assets or provide for the assumption of all or some of the Debtor's Bond obligations pursuant to a plan of reorganization.

## Marketing Process

The Debtor, in consultation with Cushman & Wakefield of Illinois, Inc. ("**CW**"), developed a list of parties who the Debtor believes may potentially be interested in and who the Debtor reasonably believes would have the financial resources to consummate a Sale, which list includes both potential strategic investors, financial investors, and liquidators (each, individually, a "**Contact Party**", and collectively, the "**Contact Parties**"). CW has or will contact the Contact Parties to explore their interest in pursuing a Sale. The Contact Parties may include parties that the Debtor or its advisors have previously contacted regarding a Sale, regardless of whether such parties expressed any interest, at such time, in pursuing a Sale. The Debtor will continue to discuss and may supplement the list of Contact Parties throughout the marketing process, as appropriate.

The Debtor may distribute to each Contact Party an "**Information Package**" that is comprised of:

    (a)     a cover letter;

    (b)     a copy of these Bid Procedures; and

    (c)     a copy of a confidentiality agreement (the "**Confidentiality Agreement**").

To participate in the Bidding Process and to receive access to any materials relating to the Assets (the "**Diligence Materials**"), a party must submit to the Debtor an executed Confidentiality Agreement, signed and transmitted by the person or entity wishing to have access to the Diligence Materials. A party who qualifies for access to the Diligence Materials shall be a "**Preliminarily Interested Investor.**" All due diligence requests must be directed to CW. The same access and information must also be made available to all Preliminary Interested Investors. Additional due diligence may be provided after the Bid Deadline (as defined below).

For any Preliminarily Interested Investor who is a competitor of the Debtor or is affiliated with any competitor of the Debtor, the Debtor reserves the right to withhold any Diligence Materials if the Debtor reasonably believes, in consultation with the Consultation Parties, that (i) such disclosure would be detrimental to the interests of the Debtor's estate (the "**Estate**"), or (ii) such potential bidder does not intend in good faith, or have the capacity, to consummate its bid.

Each Preliminary Interested Investor shall be deemed to have waived the right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code related in any way to due diligence, the submission of its bid, the Bid Procedures, the Auction and the Sale.

The Debtor, with the consent of the Bond Trustee (which shall not be unreasonably withheld) and after consulting with the Committee, is authorized to designate a bid from a Qualified Bidder that desires to serve as a stalking horse as a potential stalking horse bidder (the "**Stalking Horse Bidder**") and to grant the following Bid Protections (defined herein), subject to execution of a definitive agreement on or before October 14, 2019 (the "**Stalking Horse Agreement**"):

- As a component of the Stalking Horse Agreement, the Debtor may provide a break-up fee of up to 2% of the cash purchase price, plus actual expenses in an amount not to exceed $250,000, any minimum bid increment for other bidders to submit competing bids, or other buyer protections (collectively, the "**Bid Protections**") requested by the Stalking Horse Bidder.

In the event that the Debtor enters into a Stalking Horse Agreement, the Debtor shall file with the Bankruptcy Court on or before October 14, 2019, and serve (i) all parties that have requested notice in this Chapter 11 Case as of the date thereof; (ii) all persons identified by the Debtor's professionals as potential purchasers of the Assets; (iii) all counterparties to any of the Assigned Contracts; (iv) the Bond Trustee; (v) all creditors of the Debtor; (vi) the Committee; (vii) Centers For Medicare & Medicaid Services Legal Department; (viii) each governmental agency that is an interested party with respect to the Sale and transactions proposed thereunder; and (ix) the Office of the United States Trustee (collectively, "**All Parties in Interest**") with a notice (the "**Notice of Stalking Horse**") that includes: (a) the identity of the Stalking Horse; (b) the purchase price to be paid by the Stalking Horse; (c) the Stalking Horse deposit paid by the Stalking Horse; and (d) the amount and nature of the Bid Protections.

**<u>Bid Qualification Process</u>**

To be eligible to participate in the Auction, each offer, solicitation or proposal (each, a "**Bid**"), and each party other than the Stalking Horse Bidder submitting such a Bid (each, a "**Bidder**"), must be determined by the Debtor, in consultation with the Bond Trustee and any official committee appointed in this Case (the "**Committee**", and together with the Bond Trustee, the "**Consultation Parties**"), to satisfy each of the following conditions:

(1)     **Good Faith Deposit:** Each Bid must be accompanied by a deposit in the amount of five percent (5%) of the Bid's proposed purchase price to an interest bearing escrow account to be identified and established by the Debtor (the "**Good Faith Deposit**").

(2)     **Terms:** A Bid must include executed transaction documents pursuant to which the Bidder proposes to effectuate the Sale, including a marked copy of the Stalking Horse Agreement, or marked against the form asset purchase agreement contained in the data room ("**Form APA**") if no Stalking Horse Agreement has been entered into, to show any proposed amendments thereto (the "**Modified APA**") and a clean and executed Modified APA, (the "**Transaction Documents**"). A Bid must also include a binding and enforceable statement regarding whether the Bidder will: (1) exercise the Real Estate Option, (2) assume the Ground Lease and comply with the requirements of Section 365 of the Bankruptcy Code with respect thereto; (3) assume and cure any or all resident agreements of current residents as of closing; and (4) assume and pay any or all triggered and unpaid entrance fee refund obligations pursuant to the terms of the resident agreements. Bids are not required to adopt the business structure as set forth in the Stalking Horse Agreement or Form APA (as applicable), and may provide for either a for-profit or not-for-profit entity as the operator of the Facility. Bidders can also submit proposals for a plan of reorganization that provides for assumption of all or some of the Debtor's Bond obligations. The Debtor in consultation with the Consultation Parties shall evaluate all Bids to determine whether such Bid(s) maximizes the value of the Debtor's estate as a whole. The Transaction Documents shall also identify any executory contracts and unexpired leases of the Debtor that the Bidder wishes to have assumed and assigned to it pursuant to the Sale (collectively, the "**Assigned Contracts**"). The Debtor will consider proposals for less than substantially all of the Debtor's Assets or operations. A Bid to purchase only certain Assets of the Debtor shall propose a purchase price determined by such Bidder but shall be reviewed by the Debtor to determine if it is acceptable in consultation with the Consultation Parties.

(3)     **Corporate Authority:** Each Bidder must disclose the identity of each entity that will be bidding or otherwise participating in connection with such bid, and the complete terms of any such participation, and provide written evidence, reasonably acceptable to the Debtor, demonstrating appropriate corporate authorization to consummate the proposed transaction; *provided, however*, that, if the Bidder is an entity specially formed for the purpose of effectuating the transaction, then the Bidder must furnish written evidence reasonably acceptable to the Debtor of the approval of the transaction by the equity holder(s) of such Bidder.

(4)     **Proof of Financial Ability to Perform:** Each Bidder must provide written evidence, sufficient for the Debtor to reasonably conclude that the Bidder has the necessary financial ability to close the transaction and provide adequate assurance of future performance under all Assigned Contracts to be assumed and assigned in such transaction. Such information should include, *inter alia*, the following:

(a)     contact names and numbers for verification of financing sources,

(b)   evidence of the Bidder's internal resources and proof of any debt or equity funding commitments that are needed to close the transaction;

(c)   the Bidder's current financial statements; and

(d)   any such other form, financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtor demonstrating that such Bidder has the ability to close the Sale.

(5)   **Contingencies:** A Bid must include a statement that there are no conditions precedent to the Bidder's ability to enter into the Transaction Documents, including that there are no financing contingencies to the bid, and that all necessary internal and shareholder approvals have been obtained prior to the bid, but may be subject to the accuracy in all material respects at the closing of specified representations and warranties.

(6)   **Irrevocable:** A Bid must be irrevocable through the Auction; *provided, however*, that if such Bid is accepted as the Successful Bid or the Backup Bid (as defined herein), such bid shall continue to remain irrevocable, subject to the terms and conditions of the Bid Procedures.

(7)   **Bid Deadline:** Regardless of when a party qualifies as a Preliminarily Interested Investor, the Debtor must receive a Bid in writing, on or before **November 19, 2019 at 4:00 p.m.** or such later date as may be agreed to by the Debtor (the "**Bid Deadline**"). Bids must be sent to the following by the Bid Deadline to be considered: (a) counsel for the Debtor, (i) Polsinelli PC, 150 N. Riverside Plaza, Suite 3000, Chicago, IL 60606   Attn: Jean Soh, jsoh@polsinelli.com, (ii) Polsinelli PC, 600 3rd Ave., 42nd Fl., New York, NY 10016, Attn: Jeremy R. Johnson, jeremy.johnson@polsinelli.com; (b) counsel for the Bond Trustee, Mintz Levin, Attn: Daniel Bleck, dsbleck@mintz.com and Adrienne Walker, aawalker@mintz.com; and (c) counsel to the Committee, Perkins Coie LLP, Attn: Eric    Walker,    EWalker@perkinscoie.com    and    David    Gold, DGold@perkinscoie.com.

A Bid received from a Bidder before the Bid Deadline that meets the above requirements shall constitute a "**Qualified Bid**," and such Bidder shall constitute a "**Qualified Bidder**."

The Debtor reserves the right to waive noncompliance with any one or more of the foregoing requirements to be a Qualified Bid and deem an otherwise not Qualified Bid to be a Qualified Bid if it reasonably determines, in its business judgment, after consultation with the Consultation Parties, that such waiver is consistent with its fiduciary duties.

The Bond Trustee reserves its right to submit a credit bid for the Debtor's Assets and participate as a Qualified Bidder at the Auction notwithstanding the requirements set forth in these Bid Procedures for other third-parties.  If no Qualified Bids are received by the Bid Deadline (other than a Stalking Horse Bid), the Bond Trustee's deadline to submit a credit bid shall be one (1) business day prior to the date of the Auction. If at least one Qualified Bid is

received by the Bid Deadline by any party other than the Stalking Horse Bidder, the Bond Trustee's deadline to submit a credit bid shall be the close of the Auction.

**Auction**

If one or more Qualified Bids is received by the Bid Deadline, the Debtor will conduct the Auction to determine the highest and best Qualified Bid. This determination shall take into account any factors the Debtor, upon consultation with the Consultation Parties, reasonably deems relevant to the value of the Qualified Bid to the estate, including, *inter alia,* the following: (a) the amount and nature of the consideration; (b) the proposed assumption of any liabilities and/or Assigned Contracts, if any; (c) the ability of the Qualified Bidder to close the proposed Transaction; (d) the proposed closing date and the likelihood, extent and impact of any potential delays in closing; (e) any purchase price adjustments; (f) the impact of the Sale on any actual or potential litigation; and (g) the net after-tax consideration to be received by the Debtor's estate (collectively, the "**Bid Assessment Criteria**"). The Stalking Horse, if any, will be notified, no later than 24 hours prior to the Auction, if any Qualified Bids have been received. If no other Qualified Bids are received and the Bond Trustee has not provided notice of its intent to exercise its credit bid rights, the Debtor will not hold an Auction and the Stalking Horse will be named the Successful Bidder (as defined below). If one Qualified Bid is received by the Bid Deadline (other than a Stalking Horse Agreement), the Debtor shall conduct the Auction.

The Auction, if necessary, shall take place on November 21, 2019 at 10:00 a.m., at the offices of Debtor's counsel, Polsinelli PC, 150 N. Riverside Plaza, Suite 3000, Chicago, IL 60606 or such later time on such day or other place as the Debtor shall notify all Bidders who have submitted Qualified Bids. Unless otherwise agreed to by the Debtor, only Qualified Bidders, members of the Committee, the Bond Trustee, representatives of holders of the Bonds, and each of their respective legal or financial professionals are eligible to attend or participate at the Auction. The Auction shall be transcribed or videotaped, and shall be conducted according to the following procedures:

### *The Debtor Shall Conduct the Auction.*

The Debtor and its professionals shall direct and preside over the Auction in consultation with the Consultation Parties in a manner to achieve the maximum value for its Assets and is not inconsistent with the grant of the Bid Protections. At the start of the Auction the Debtor shall describe the terms of the highest and best Qualified Bid(s) (the "**Auction Baseline Bid**").

All Bids made thereafter shall be Overbids (as defined below), and shall be made in a manner determined by the Debtor in consultation with the Consultation Parties and and all material terms of each Overbid received shall be fully disclosed to all Bidders who have submitted Qualified Bids prior to any subsequent round of bidding. The Debtor shall maintain a transcript of all Bids made and announced at the Auction, including the Auction Baseline Bid and all Overbids.

*Terms of Overbids.*

An "Overbid" is any Bid made at the Auction subsequent to the Debtor's announcement of the Auction Baseline Bid. To submit an Overbid for purposes of this Auction, a Bidder must comply with the following conditions:

(1)    **Minimum Overbid Increment.**

In advance of the Auction and after a review of the Qualified Bids received and in consideration of any Stalking Horse Bid Protections, the Debtor, in consultation with the Consultation Parties, shall determine the increments of any Overbid after the Auction Baseline Bid (the "**Minimum Overbid Increment**") for a bid for all of the Debtor's Assets; *provided*, that the Debtor shall retain the right to modify the bid increment requirements at the Auction in consultation with the Consultation Parties. Additional consideration in excess of the amount set forth in the Auction Baseline Bid may include only cash, the assumption of debt or marketable securities, or a Credit Bid under Bankruptcy Code section 363(k). The Stalking Horse shall be entitled to credit bid the amount of its break-up fee and expense reimbursement.

(2)    **Remaining Terms are the Same as for Qualified Bids.**

Except as modified herein, an Overbid must comply with the conditions for a Qualified Bid set forth above; *provided, however,* that the Bid Deadline shall not apply. Any Overbid shall remain open and binding on the Bidder unless and until the Debtor, in consultation with the Consultation Parties, accepts a higher Overbid.

To the extent not previously provided, a Bidder submitting an Overbid must submit, as part of its Overbid, written evidence (in the form of financial disclosure, credit-quality support information or other enhancement reasonably acceptable to the Debtor) demonstrating such Bidder's ability to close the transaction proposed by such Overbid.

(3)    **Announcing Overbids.**

The Debtor shall announce at the Auction the material terms of each Overbid, the basis for calculating the total consideration offered in each such Overbid and the resulting benefit to the Debtor's estate based on, *inter alia,* the Bid Assessment Criteria.

(4)    **Consideration of Overbids.**

The Debtor reserves the right, in its reasonable business judgment in consultation with the Consultation Parties, to make one or more adjournments in the Auction to, among other things: facilitate discussions among the Debtor, the Consultation Parties, and the individual Bidders, to consider how they wish to proceed, and give Bidders the opportunity to provide the Debtor with such additional evidence as the Debtor in its reasonable business judgment may require, that the Bidder has sufficient internal resources, or has received sufficient non-contingent debt and/or equity funding commitments, to consummate the proposed transaction at the prevailing Overbid amount.

*No Collusion; Good-Faith Bona Fide Offer*

Each Qualified Bidder participating at the Auction will be required to confirm on the record at the Auction that (i) it has not engaged in any collusion with respect to the Sale or bidding (including that it has no agreement with any other Bidder or Qualified Bidder to control the price) and (ii) its Qualified Bid is a good-faith *bona fide* offer and it intends to consummate the proposed transaction if selected as the Successful Bidder.

**Backup Bidder.**

Notwithstanding anything in the Bid Procedures to the contrary, if an Auction is conducted, the party with the next highest or otherwise best Qualified Bid(s) at the Auction, as determined by the Debtor, in the exercise of its business judgment in consultation with the Consultation Parties, shall be required to serve as a backup bidder (the "**Backup Bidder**"). The Backup Bidder shall be required to keep its final Bid at Auction (or if the Backup Bidder submitted one or more Overbids at the Auction, its final Overbid) (the "**Backup Bid**") open and irrevocable until the earlier of one (1) business day after the closing of the Sale with the Successful Bidder, or thirty (30) days from the entry of the Sale Order (the "**Outside Backup Date**"). Following entry of the Sale Order, if the Successful Bidder fails to consummate an approved transaction because of a breach or failure to perform on the part of such Successful Bidder, the Debtor may designate the Backup Bidder to be the new Successful Bidder, and the Debtor will be authorized, but not required, to consummate the transaction with the Backup Bidder without further order of the Bankruptcy Court. In such case, the defaulting Successful Bidder's deposit, if any, shall be forfeited to the Debtor's estate as its liquidated damages. The closing date to consummate the transaction with the Backup Bidder shall be no later than two (2) days after the date that the Debtor provides notice to the Backup Bidder that the Successful Bidder failed to consummate a Sale and that the Debtor desires to consummate the transaction with the Backup Bidder. The deposit, if any, of the Backup Bidder shall be held by the Debtor until the earlier of one (1) business day after the closing of the Sale with the Successful Bidder, or the Outside Backup Date; *provided, however,* that in the event the Successful Bidder does not consummate the transaction as described above and the Debtor provides notice to the Backup Bidder, the Backup Bidder's deposit shall be held until the closing of the transaction with the Backup Bidder. In the event that the Debtor fails to consummate a transaction with the backup Bidder as described above, the Backup Bidder's deposit shall be forfeited to the Debtor's estate as its liquidated damages.

**Additional Procedures.**

The Debtor in consultation with the Consultation Parties may announce at the Auction additional procedural rules that are reasonable under the circumstances (*e.g.*, the amount of time to make subsequent Overbids) for conducting the Auction so long as such rules are not inconsistent with these Bid Procedures.

*Consent to Jurisdiction as Condition to Bidding.*

All Qualified Bidders, and all Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection

with any disputes relating to the Stalking Horse Agreement, the Auction or the construction and enforcement of any Transaction Documents.

### *Closing the Auction*

The Auction shall continue until there is only one or more Qualified Bid(s) that the Debtor determines in its reasonable business judgment, after consultation with its financial and legal advisors and the Consultation Parties, is the highest and best Qualified Bid(s) at the Auction (the "**Successful Bid**" and the Bidder submitting such Successful Bid, the "**Successful Bidder**"). In making this decision, the Debtor, in consultation with its financial and legal advisors and the Consultation Parties, shall consider the Bid Assessment Criteria. The Auction shall not close unless and until all Bidders who have submitted Qualified Bids have been given a reasonable opportunity to submit an Overbid at the Auction to the then-existing Overbid and the Successful Bidder has submitted fully executed Transaction Documents memorializing the terms of the Successful Bid(s).

## Procedures for Determining Cure Amounts and Adequate Assurance for Contract Counterparties to Assigned Contracts.

By October 25, 2019, the Debtor shall send a notice to each counterparty to an executory contract or unexpired lease (each a "**Contract Counterparty**") setting forth the Debtor's calculation of the cure amount, if any, that would be owing to such Contract Counterparty if the Debtor decided to assume or assume and assign such executory contract or unexpired lease, and alerting such Contract Counterparty that its contract may be assumed and assigned to the Successful Bidder (the "**Cure and Possible Assumption and Assignment Notice**"), a copy of which is attached to the Bid Procedures Order as __Exhibit 3__. Any Contract Counterparty that objects to the cure amount set forth in the Cure and Possible Assumption and Assignment Notice or the possible assignment of its executory contract or unexpired lease must file an objection (a "**Contract Objection**") on or before 4:00 p.m. (prevailing Central Time) on November 19, 2019, which Contract Objection must be served on (a) counsel for the Debtor, (i) Polsinelli PC, 150 N. Riverside Plaza, Suite 3000, Chicago, IL 60606  Attn: Jean Soh, jsoh@polsinelli.com, (ii) Polsinelli PC, 600 3rd Ave., 42nd Fl., New York, NY 10016, Attn: Jeremy R. Johnson, jeremy.johnson@polsinelli.com; (b) counsel for the Bond Trustee, Mintz Levin, Attn: Daniel Bleck, dsbleck@mintz.com and Adrienne Walker, awalker@mintz.com; and (c) counsel to the Committee, Perkins Coie LLP, Attn: Eric Walker, EWalker@perkinscoie.com and David Gold, DGold@perkinscoie.com. If a Contract Counterparty does not timely file and serve a Contract Objection, that party will be forever barred from objecting to (a) the Debtor's proposed cure amount, or (b) the assignment of that party's executory contract or unexpired lease to the Successful Bidder. Where a Contract Counterparty to an Assigned Contract files a timely Contract Objection asserting a higher cure amount than the amount listed in the Cure and Possible Assumption and Assignment Notice, or an objection to the possible assignment of that Contract Counterparty's executory contract or unexpired lease, and the parties are unable to consensually resolve the dispute, the amount to be paid under Bankruptcy Code section 365 (if any) or, as the case may be, the Debtor's ability to assign the executory contract or unexpired lease to the Successful Bidder will be determined at the Sale Hearing.

By 10:00 a.m. on November 22, 2019, the Debtor shall file with the Court and serve on the Contract Counterparties a further notice substantially in the form attached to the Bid Procedures Order as <u>Exhibit 4</u> (the "**Assumption Notice**") identifying the Successful Bidder, stating which Contracts will be assumed and assigned to the Successful Bidder, and providing such Contract Counterparties with the Successful Bidder's assurance of future performance. In all circumstances, the Successful Bidder shall be responsible for all cure amounts relating to the Assigned Contracts under section 365 of the Bankruptcy Code. Any Contract Counterparty that objects to the adequacy of the assurance set forth in the Assumption Notice must file an objection with the Bankruptcy Court (an "**Adequate Assurance Objection**") prior to the Sale Hearing or note its Adequate Assurance Objection at the Sale Hearing. If a Contract Counterparty does not make an Adequate Assurance Objection prior to or at the Sale Hearing, such party will be forever barred from objecting to the adequacy of the assurance to be provided by the Successful Bidder. Where a Contract Counterparty makes an Adequate Assurance Objection prior to the Sale Hearing, and the parties are unable to consensually resolve the dispute, the adequacy of the assurance provided by the Successful Bidder will be determined at the Sale Hearing.

**Sale Hearing**

The Bankruptcy Court has scheduled a hearing (the "**Sale Hearing**") on November 26, 2019 at 10:30 a.m. (prevailing Central Time), at which the Debtor will seek approval of the Sale to the Successful Bidder. Objections to the Sale of the Assets to the Successful Bidder or Back-Up Bidder must be filed and served so that they are actually received by the Debtor no later than 4:00 p.m. (ET) on November 19, 2019 (except for any objection that arises at the Auction or any Adequate Assurance Objection) on the following: (a) counsel for the Debtor, (i) Polsinelli PC, 150 N. Riverside Plaza, Suite 3000, Chicago, IL 60606 Attn: Jean Soh, jsoh@polsinelli.com, (ii) Polsinelli PC, 600 3rd Ave., 42nd Fl., New York, NY 10016, Attn: Jeremy R. Johnson, jeremy.johnson@polsinelli.com; (b) counsel for the Bond Trustee, Mintz Levin, Attn: Daniel Bleck, dsbleck@mintz.com and Adrienne Walker, awalker@mintz.com; (c) the Office of the United States Trustee for the Northern District of Illinois, Attn: Jeffrey Snell, jeffrey.snell@usdoj.gov; and (d) counsel for the Committee appointed in the Case, Perkins Coie LLP, Attn: Eric Walker, EWalker@perkinscoie.com and David Gold, DGold@perkinscoie.com.

**Return of Good Faith Deposits**

The Good Faith Deposits of all Qualified Bidders shall be held in one or more interest-bearing escrow accounts by the Debtor, but shall not become property of the Debtor's estate absent further order of the Court. The Good Faith Deposits of any Qualified Bidder that is neither the Successful Bidder nor the Backup Bidder shall be returned to such Qualified Bidder not later than two (2) business days after the Sale Hearing. The Good Faith Deposit of the Backup Bidder shall be returned to the Backup Bidder on the date that is the earlier of one (1) business day after the closing of the Sale with the Successful Bidder, or the Outside Backup Date. Upon the return of the Good Faith Deposits, their respective owners shall receive any and all interest that will have accrued thereon. If the Successful Bidder timely closes the winning transaction, its Good Faith Deposit shall be credited towards its purchase price.

**<u>Reservation of Rights</u>**

The Debtor following consultation with the Consultation Parties, reserves the right to modify these Bid Procedures in its reasonable business judgment in any manner that will best promote the goals of the Bidding Process or impose, at or prior to the Auction, additional customary terms and conditions on the Sale of the Assets.

## Attachment A to Bid Procedures

Form of Confidentiality Agreement

69535289.3

**CONFIDENTIALITY AGREEMENT FOR SIGNATURE**
**BY PROSPECTIVE PURCHASER**

Cushman & Wakefield
One Tampa City Center, Suite
3300 Tampa, FL 33602

RE:    **Clare Oaks located at 825 Carillon Drive, Bartlett, Illinois 60103 (Hereinafter referred to as the "Property")**

Ladies and Gentlemen:

This will serve to confirm our agreement concerning certain non-public material, data and information not otherwise known to, or available, (herein "Evaluation Material") which you will make available to us for study in connection with a possible purchase by us of the Property.

You are prepared to furnish us with the Evaluation Material in connection with discussions and negotiations concerning a possible transaction involving the Property only on the conditions that we treat such Evaluation Material confidentially and confirm certain representations to you. Therefore, as a prerequisite to your furnishing to us the Evaluation Material, we hereby represent and agree as follows:

1.    The Evaluation Material furnished to us will be used by us solely for evaluating a possible transaction exclusively for our own account, as principal in the transaction, and not as a broker or agent for any other person or in violation of any applicable securities laws. Therefore, we agree to keep all Evaluation Material strictly confidential; provided, however, that any such Evaluation Material may be disclosed to our directors, officers or employees, as well as our counsel, affiliates, advisors, accounting firms and financial institutions ("Representatives") who need to know such information for the purpose of assisting us with our possible purchase of the Property. Such Representatives shall be informed by us of the confidential nature of such information and shall be directed by us to treat such information with strict confidence. We understand that we are responsible for any breach of this agreement by our Representatives. The Evaluation Material shall not be distributed to employees at the facility level, without prior permission from Clare Oaks, an Illinois Not For Profit Corporation ("Owner") or Cushman & Wakefield ("C&W"). The Evaluation Material shall not include any information if such information:

(a) becomes publicly available through no action on our part; (b) is previously known to us without an obligation to keep it confidential; (c) is required to be disclosed pursuant to any applicable law or regulation, or request by regulatory organization having authority pursuant to the law, provided that we will provide, to the extent reasonably possible, prior written notice as soon as reasonably practicable of such required disclosure to Owner and C&W and take reasonable and lawful actions to avoid and/or minimize the extent of such disclosure; (d) is independently developed by us without the use of the Evaluation Material.

69535289.3

We agree to destroy or return the Evaluation Material to you promptly if requested by you in writing, subject to retention policies required by law. We agree that Owner and C&W will have no adequate remedy at law if we violate any of the terms of this Agreement. In such event, Owner or C&W will have the right, in addition to any other right Owner or C&W may have, to seek injunctive relief to restrain any breach or threatened breach by us or specific enforcement of such terms.

In addition, we agree that we will not disclose and we will direct our Representatives who are given access to the Evaluation Material in accordance with the terms hereof, not to disclose to any person, the fact that the Evaluation Material has been made available to us, that discussions or negotiations among us, Owner, and C&W are now taking place or will take place, or any of the terms, conditions or other facts with respect to the possible acquisition of the Property.

2.      Although you have endeavored to include in the Evaluation Material information which you believe to be relevant for the purpose of helping us in our evaluation of the Property for possible purchase, we understand and acknowledge that neither Owner nor C&W make any representation or warranty to us as to the accuracy or completeness of the Evaluation Material. We agree that Owner and C&W shall not have any liability to us as a result of our use of the Evaluation Material and it is understood that we are expected to perform and are responsible for such due diligence investigations and inspections of the Property, including investigation of any environmental conditions, as we deem necessary or desirable and as        permitted        by        agreement        with        Owner.

3.      We understand that we will not receive any right, title or interest in, or any license or right to use, the Evaluation Material or any patent, copyright, trade secret, trademark or other intellectual property rights therein, by implication or otherwise, as a result of the disclosures pursuant to this agreement.

4.      We represent that no brokers or agents represent us, or will represent us, in any possible transaction involving the Property. We have been advised that C&W is acting on behalf of Owner as exclusive broker in connection with the sale of the Property.

5.      We agree not to contact the Property directly without prior permission from Owner or C&W.

The term of this agreement shall be for two (2) years from the date of execution.

Sincerely,

_____

Company *(please print)*

Name *(please print)*

Signed                                                    , Title

Dated

Please confirm:

Address:_____

City:_____State:_____Zip_____Phone: (_____)_____

Email Address: _____

**If you are not executing this document electronically via RCM, please scan and return both
pages of the executed confidentiality agreement to <u>david.kliewer@cushwake.com</u>**

69535289.3                                                4

**Exhibit 2 to Bid Procedures Order**

Sale Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLARE OAKS, | ) | Case No. 19-16708 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

## NOTICE OF BID PROCEDURES, AUCTION, HEARING AND
## DEADLINES RELATING TO THE SALE OF SUBSTANTIALLY
## ALL OF THE ASSETS OF THE DEBTOR

**PLEASE TAKE NOTICE** that on June 24, 2019, Clare Oaks, as debtor and debtor-in-possession (the "**Debtor**") in the above-captioned case (the "**Bankruptcy Case**"), filed a *Motion of the Debtor for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving the Form and Manner of Notice thereof, (C) Scheduling an Auction and Sale Hearing, (D) Approving Procedures for the Assumption and Assignment of Contracts, and (E) Granting Related Relief; and (II) an Order (A) Approving the Asset Purchase Agreement Between the Debtor and the Successful Bidder, and (B) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (C) Authorizing the Assumption and Assignment of Contracts, and (D) Granting Related Relief* [Docket No. 90] (the "**Bid Procedures and Sale Motion**").[1] The Debtor seeks to complete a sale (the "**Transaction**") of substantially all its assets (the "**Assets**") to a prevailing bidder or bidders (the "**Successful Bidder**") at an auction (the "**Auction**") free and clear of all liens, claims, encumbrances and other interests pursuant to Bankruptcy Code section 363.

**PLEASE TAKE FURTHER NOTICE** that, on July [ ], 2019 the Bankruptcy Court entered an order [Docket No. _____] (the "**Bid Procedures Order**") approving the bidding procedures set forth in the Bid Procedures and Sale Motion (the "**Bid Procedures**"), which set the key dates and times related to the sale of the Debtor's Assets under the asset purchase agreement with the Successful Bidder. **All interested bidders should carefully read the Bid Procedures**. To the extent that there are any inconsistencies between the Bid Procedures and the summary description of its terms and conditions contained in this notice, the terms of the Bid Procedures shall control.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bid Procedures, the Debtor must receive a Qualified Bid from interested bidders in writing, on or before November 19, 2019 or such later date as may be agreed to by the Debtor (the "**Bid Deadline**"). To be considered, Qualified Bids must be sent to the following at or before the Bid Deadline: (a) counsel for the Debtor, (i) Polsinelli PC, 150 N. Riverside Plaza, Suite 3000, Chicago, IL 60606 Attn: Jean Soh,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Bid Procedures and Sale Motion.

jsoh@polsinelli.com, (ii) Polsinelli PC, 600 3rd Ave., 42nd Fl., New York, NY 10016, Attn: Jeremy R. Johnson, jeremy.johnson@polsinelli.com; and (b) counsel for the Bond Trustee, Mintz Levin, Attn: Daniel Bleck, dsbleck@mintz.com and Adrienne Walker, awalker@mintz.com; and (c) counsel for the Committee, Perkins Coie LLP, Attn: Eric Walker, EWalker@perkinscoie.com and David Gold, DGold@perkinscoie.com.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bid Procedures, if the Debtor receives one or more Qualified Bids by the Bid Deadline, the Auction will be conducted on **November 21, 2019 at 10:00 a.m.** (prevailing Central Time) at the offices of Polsinelli PC, 150 N. Riverside Plaza, Suite 3000, Chicago, IL 60606, or at such other place, date and time as may be designated by the Debtor.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bid Procedures, the Debtor has designated certain Assigned Contracts that may be assumed or assumed and assigned to the Successful Bidder. By **October 25, 2019**, the Debtor shall send a notice to each counterparty to an Assigned Contract setting forth the Debtor's calculation of the cure amount, if any, that would be owing to such counterparty if the Debtor decided to assume or assume and assign such Assigned Contract, and alerting such non-debtor party that its contract may be assumed and assigned to the Successful Bidder (the "**Cure and Possible Assumption and Assignment Notice**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bid Procedures, any counterparty that objects to the cure amount set forth in the Cure and Possible Assumption and Assignment Notice or the possible assignment of its Assigned Contract(s) must file with the Bankruptcy Court and serve an objection (a "**Cure or Assignment Objection**") so that it is actually received on or before **4:00 p.m. CT on November 19, 2019** by (a) counsel for the Debtor, (i) Polsinelli PC, 150 N. Riverside Plaza, Suite 3000, Chicago, IL 60606 Attn: Jean Soh, jsoh@polsinelli.com, (ii) Polsinelli PC, 600 3rd Ave., 42nd Fl., New York, NY 10016, Attn: Jeremy R. Johnson, jeremy.johnson@polsinelli.com; (b) counsel for the Bond Trustee, Mintz Levin, Attn: Daniel Bleck, dsbleck@mintz.com and Adrienne Walker, awalker@mintz.com; (c) the Office of the United States Trustee for the Northern District of Illinois, Attn: Jeffrey Snell, jeffrey.snell@usdoj.gov; and (d) counsel for the Committee, Perkins Coie LLP, Attn: Eric Walker, EWalker@perkinscoie.com and David Gold, DGold@perkinscoie.com. Where a counterparty to an Assigned Contract files a timely Cure or Assignment Objection asserting a higher cure amount than the amount listed in the Cure and Possible Assumption and Assignment Notice, or an objection to the possible assignment of that counterparty's Assigned Contract, and the parties are unable to consensually resolve the dispute, the amount to be paid under Bankruptcy Code section 365 (if any) or, as the case may be, the Debtor's ability to assign the Assigned Contract to the Successful Bidder will be determined at the Sale Hearing (as defined below).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bid Procedures, if a Contract Counterparty does not make an Adequate Assurance Objection prior to or at the Sale Hearing, such party will be forever barred from objecting to the adequacy of the assurance provided by the Successful Bidder. Where a Contract Counterparty makes an Adequate Assurance Objection prior to or at the Sale Hearing, and the parties are unable to consensually

2

resolve the dispute, the adequacy of the assurance provided by the Successful Bidder will be determined at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to approve the sale of the Assets to the Successful Bidder (the "**Sale Hearing**") before the Honorable Pamela S. Hollis in the U.S. Bankruptcy Court for the Northern District of Illinois, or any judge sitting in her stead, in Room 644 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604 on **November 26, 2019 at 10:30 a.m. (prevailing Central Time)**, or at such time thereafter as counsel may be heard or at such other time as the Bankruptcy Court may determine. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or on the agenda for such Sale Hearing. Objections to the sale of the Assets to the Successful Bidder must be filed and served so that they are received no later than **November 19, 2019 at 4:00 p.m. (prevailing Central Time)** by (a) counsel for the Debtor, (i) Polsinelli PC, 150 N. Riverside Plaza, Suite 3000, Chicago, IL 60606 Attn: Jean Soh, jsoh@polsinelli.com, (ii) Polsinelli PC, 600 3rd Ave., 42nd Fl., New York, NY 10016, Attn: Jeremy R. Johnson, jeremy.johnson@polsinelli.com; (b) counsel for the Bond Trustee, Mintz Levin, Attn: Daniel Bleck, dsbleck@mintz.com and Adrienne Walker, awalker@mintz.com; (c) the Office of the United States Trustee for the Northern District of Illinois, Attn: Jeffrey Snell, jeffrey.snell@usdoj.gov; and (d) counsel for the Committee, Perkins Coie LLP, Attn: Eric Walker, EWalker@perkinscoie.com and David Gold, DGold@perkinscoie.com.

Any Contract Counterparty that objects to the adequacy of the assurance set forth in the Assumption Notice must file an objection (an "**Adequate Assurance Objection**") with the Bankruptcy Court prior to the Sale Hearing, or note its Adequate Assurance Objection at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Debtor is seeking to waive the fourteen-day stay period under Bankruptcy Rules 6004(h) and 6006(d) in order for the Sale to close immediately upon entry of the Sale Order by this Court.

**PLEASE TAKE FURTHER NOTICE** that this notice is subject to the full terms and conditions of the Bid Procedures and Sale Motion, the Bid Procedures Order and the Bid Procedures, which shall control in the event of any conflict, and the Debtor encourages parties in interest to review such documents in their entirety. A copy of the Bid Procedures and Sale Motion, the Bid Procedures and the Bid Procedures Order may be obtained (a) upon request to **Stretto** (the notice and claims agent retained in the Chapter 11 Case) by calling 855.478.2733; (b) by visiting the website maintained in the Chapter 11 Case at https://case.stretto.com/clareoaks or (c) for a fee via PACER by visiting https://ecf.ilnb.uscourts.gov/.

69535289.3

Dated: [ ] [ ], 2019
Chicago, Illinois

/s/     Jean Soh
Jean Soh (ARDC #6285187)
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone: (312) 819-1900
Facsimile: (312) 819-1910
jsoh@polsinelli.com

-and-

Jeremy R. Johnson (*Pro Hac Vice*)
POLSINELLI PC
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

-and-

Lindsi M. Weber (*Pro Hac Vice*)
POLSINELLI PC
One East Washington St., Suite 1200
Phoenix, AZ 85004-2568
Telephone: (602) 650-2064
Facsimile: (602) 264-7033
lweber@polsinelli.com

*Counsel to the Debtor
and Debtor in Possession*

4

69535289.3

## Exhibit 3 to Bid Procedures Order

Cure and Possible Assumption and Assignment Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLARE OAKS, | ) | Case No. 19-16708 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

## NOTICE TO COUNTERPARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES REGARDING CURE AMOUNTS AND POSSIBLE ASSIGNMENT TO SUCCESSFUL BIDDER AT AUCTION

PLEASE TAKE NOTICE that on June 24, 2019, the above-captioned debtor and debtor in possession (the "**Debtor**") filed a motion (the "**Bid Procedures and Sale Motion**") with the United States Bankruptcy Court for the Northern District of Illinois (the "**Bankruptcy Court**").

PLEASE TAKE FURTHER NOTICE that on July [  ], 2019, the Bankruptcy Court entered an order [Docket No.         ] (the "**Bid Procedures Order**") approving Bid Procedures (the "**Bid Procedures**"), which set key dates, times and procedures related to the sale of substantially of the Debtor's assets (the "**Assets**"). To the extent that there are any inconsistencies between the Bid Procedures and the summary description of the terms and conditions contained in this Notice, the terms of the Bid Procedures shall control.

YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE LISTED BELOW WITH THE DEBTOR:[1]

| [Counterparty Name] | [Contract/Lease] | Cure Amount |
|---|---|---|

**Pursuant to the Bid Procedures, the Debtor may assume the Executory Contract(s) or Unexpired Lease(s) listed above to which you are a counterparty. Also pursuant to the Bid Procedures, the Debtor may assign the Executory Contract(s) or Unexpired Lease(s) to the successful bidder (the "Successful Bidder") at an auction of substantially all of the Debtor's assets currently scheduled for November 21, 2019 at 10:00 a.m.**. The Debtor has conducted a review of its books and records and has determined that the cure amount for unpaid monetary obligations under such contract or lease is $[AMOUNT] (the "**Cure Amount**"). If you (a) object to the proposed assumption or disagree with the proposed Cure Amount, or (b) object to the possible assignment of such Executory Contract(s) or Unexpired Lease(s) to the Successful Bidder, **you must file an objection with the Bankruptcy Court no later than November 19, 2019 at 4:00 p.m (prevailing Central Time), (the "Objection Deadline")** and serve such objection on the following parties:

---

[1] This Notice is being sent to counterparties to Executory Contracts and Unexpired Leases. This Notice is not an admission by the Debtor that such contract or lease is executory or unexpired.

69535289.3

| Counsel to the Debtor | Counsel to Bond Trustee |
|---|---|
| Polsinelli PC<br>150 N. Riverside Plaza<br>Suite 3000<br>Chicago, IL 60606<br>Attn: Jean Soh<br>jsoh@polsinelli.com<br><br>Polsinelli PC<br>600 Third Avenue<br>42nd Floor<br>New York, New York 10016<br>Attn: Jeremy R. Johnson<br>Jeremy.johnson@polsinelli.com | Mintz, Levin, Cohn, Ferris, Glovsky and<br>Popeo, P.C.<br>One Financial Center,<br>Boston, MA 02111<br>Attn: Daniel Bleck<br>DSBleck@mintz.com<br>Adrienne Walker<br>awalker@mintz.com |
| **Clerk of the Bankruptcy Court** | **The United States Trustee** |
| United States Bankruptcy Court for the<br>Northern District of Illinois<br>Attn: Clerk of the Court<br>219 S. Dearborn Street<br>Chicago, IL 60604 | United States Department of Justice<br>Office of the United States Trustee<br>219 South Dearborn Street, Room 873<br>Chicago, IL 60604<br>Attn: Jeffrey Snell,<br>jeffrey.snell@usdoj.gov |
| **Counsel to the Committee** | |
| Perkins Coie LLP<br>131 S. Dearborn Street Suite 1700<br>Chicago, IL 60603-5559<br>Attn: Eric Walker<br>EWalker@perkinscoie.comDavid Gold<br>DGold@perkinscoie.com | |

If no objection to the Cure Amount or the assignment of your Executory Contract(s) or Unexpired Lease(s) to the Successful Bidder is filed by the Objection Deadline, **you will be deemed to have stipulated that the Cure Amount as determined by the Debtor and set forth above is correct and you shall be forever barred, estopped and enjoined from (a) asserting any additional cure amount under the above-listed Executory Contract(s) and Unexpired Lease(s) or (b) objecting to the assumption and assignment of the above-listed Executory Contract(s) and Unexpired Lease(s) to the Successful Bidder.**

69535289.3

Dated:   July [ ], 2019
         Chicago, Illinois

/s/    *Jean Soh*
_____
Jean Soh (ARDC #6285187)
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone: (312) 819-1900
Facsimile: (312) 819-1910
jsoh@polsinelli.com

-and-

Jeremy R. Johnson (*Pro Hac Vice*)
POLSINELLI PC
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

-and-

Lindsi M. Weber (*Pro Hac Vice*)
POLSINELLI PC
One East Washington St., Suite 1200
Phoenix, AZ 85004-2568
Telephone: (602) 650-2064
Facsimile: (602) 264-7033
lweber@polsinelli.com

*Counsel to the Debtor*
*and Debtor in Possession*

69535289.3

**<u>Exhibit 4 to Bid Procedures Order</u>**

Assumption Notice

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLARE OAKS, | ) | Case No. 19-16708 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

**NOTICE OF PROPOSED ASSIGNMENT
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**PLEASE TAKE NOTICE** that on June 11, 2019 (the **"Petition Date"**), the above-captioned debtor and debtor in possession (the **"Debtor"**) filed a petition for relief pursuant to chapter 11 of title 11 of the United States Code (the **"Bankruptcy Code"**) in the United States Bankruptcy Court for the Northern District of Illinois (the **"Bankruptcy Court"**). On June 24, 2019, the Debtor filed a motion (the **"Sale Motion"**)[1] to sell substantially all of its assets (the **"Assets"**) free and clear of all liens, claims, encumbrances, and other interests (the **"Sale"**) and assume and assign certain of its executory contracts and unexpired leases (collectively, the **"Contracts"**) to the purchaser of the Assets.[2]

**PLEASE TAKE FURTHER NOTICE** that the Debtor is soliciting offers for the purchase of its Assets consistent with the bidding procedures (the **"Bid Procedures"**) approved by the Court by the entry of an order on July [ ], 2019 (the **"Bid Procedures Order"**).[3] The Bid Procedures include, among other things, procedures for the assumption and assignment of the Contracts (the **"Assumption Procedures"**).

**PLEASE TAKE FURTHER NOTICE** that, accordingly, pursuant to the Bid Procedures Order, the Debtor has selected [●] as the Successful Bidder for the Sale of its Assets and, by this written notice, the Debtor notifies you that the Successful Bidder has determined, in the exercise of its business judgment, that the Contracts and any modifications thereto set forth on <u>Schedule 1</u> attached hereto (collectively, the **"Assigned Contracts"**) shall be assumed and assigned to the Successful Bidder, subject to the Successful Bidder's payment of the cure amount set forth on <u>Schedule 1</u>, or such other cure amounts as are agreed by the parties.

---

[1]  *Motion of the Debtor for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving the Form and Manner of Notice thereof, (C) Scheduling an Auction and Sale Hearing, (D) Approving Procedures for the Assumption and Assignment of Contracts, and (E) Granting Related Relief; and (II) an Order (A) Approving the Asset Purchase Agreement Between the Debtor and the Successful Bidder, and (B) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (C) Authorizing the Assumption and Assignment of Contracts, and (D) Granting Related Relief* [Docket No. 90]

[2]  Capitalized terms used but not defined herein shall have all the meanings ascribed to them in the Sale Motion.

[3]  *Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving the Form and Manner of Notice Thereof, (C) Scheduling an Auction and a Sale Hearing, (D) Approving Procedures for the Assumption and Assignment of Contracts, and (E) Granted Related Relief* [Docket No. ____].

**PLEASE TAKE FURTHER NOTICE** that the Successful Bidder has the right under certain circumstances to designate additional Contracts as Assigned Contracts or remove certain Contracts from the list of Assigned Contracts prior to closing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Sale Motion, the Bid Procedures, and the Bid Procedures Order, as well as all related exhibits, including the proposed Sale Order, are available: (a) upon request to **Stretto** (the notice and claims agent retained in the Chapter 11 Case) by calling 855.478.2733; (b) by visiting the website maintained in the Chapter 11 Case at https://case.stretto.com/clareoaks or (c) for a fee via PACER by visiting https://ecf.ilnb.uscourts.gov/.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise provided by the Bid Procedures Order, the time for filing objections to (a) the cure amounts related to the Assigned Contracts and (b) the Debtor's ability to assume and assign the Assigned Contracts has passed and no further notice or action is necessary with respect to such matters.

**PLEASE TAKE FURTHER NOTICE** that any Contract Counterparty that objects to the adequacy of the Successful Bidder's assurance of continued performance set forth in Schedule 1 hereto must file an objection with the Bankruptcy Court prior to the Sale Hearing or note such objection at the Sale Hearing.

69535289.3

Dated:   [          ] [ ], 2019
         Chicago, Illinois

                                        /s/      Jean Soh
                                        Jean Soh (ARDC #6285187)
                                        POLSINELLI PC
                                        150 N. Riverside Plaza, Suite 3000
                                        Chicago, IL 60606
                                        Telephone: (312) 819-1900
                                        Facsimile: (312) 819-1910
                                        jsoh@polsinelli.com

                                        -and-

                                        Jeremy R. Johnson (*Pro Hac Vice*)
                                        POLSINELLI PC
                                        600 3rd Avenue, 42nd Floor
                                        New York, New York 10016
                                        Telephone: (212) 684-0199
                                        Facsimile: (212) 684-0197
                                        jeremy.johnson@polsinelli.com

                                        -and-

                                        Lindsi M. Weber (*Pro Hac Vice*)
                                        POLSINELLI PC
                                        One East Washington St., Suite 1200
                                        Phoenix, AZ 85004-2568
                                        Telephone: (602) 650-2064
                                        Facsimile: (602) 264-7033
                                        lweber@polsinelli.com

                                        *Counsel to the Debtor*
                                        *and Debtor in Possession*

69535289.3                                    3

### Schedule 1 to Assumption Notice

### Assigned Contracts[1]

| Counterparty | Description of Assigned Contracts or Leases | Cure Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

---

[1] The presence of a contract or lease on this Schedule 1 does not constitute and admission by the Debtor that such contract is an executory contract or such lease in an unexpired lease pursuant to Bankruptcy Code section 365 or any other applicable law, and the Debtor reserves all rights to withdraw any proposed assumption and assignment or to reject any contract or lease at any time before such contract or lease is assumed and assigned pursuant to an order of the Court.

69535289.3

**Exhibit B to Motion**

Proposed Form of Sale Order

[To be filed prior to the Sale Hearing]

69535289.3